UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL B.[1],

|  |  |
|---|---|
| Plaintiff, | Civil Action No. 21-10268 |
| v. | Thomas L. Ludington<br>United States District Judge |
| COMMISSIONER OF<br>SOCIAL SECURITY, | David R. Grand<br>United States Magistrate Judge |
| Defendant.<br>_____/ |  |

## REPORT AND RECOMMENDATION ON MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (ECF No. 20)

**I.    REPORT**

**A.    Procedural History**

On February 5, 2021, Plaintiff Cheryl B. ("Plaintiff") filed suit against the Commissioner of Social Security, challenging the Commissioner's final decision denying her application for Disability Insurance Benefits.  (ECF No. 1).  On September 9, 2021, Plaintiff filed her motion for summary judgment (ECF No. 16).  On October 8, 2021, the Honorable Thomas L. Ludington entered a stipulated order to remand the case for further administrative action pursuant sentence four of 42 U.S.C. § 405(g), and a judgment was entered that same day remanding the case for further consideration by the ALJ.  (ECF Nos.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

17, 18).  On December 22, 2021, the Court entered a stipulated order awarding Plaintiff's

attorney, Bethany G. Versical, $4,637.50 in attorney's fees pursuant to the Equal Access

of Justice Act ("EAJA").  (ECF No. 19).

Plaintiff subsequently prevailed on remand, and the Social Security Administration

issued a Notice of Award, dated May 11, 2024, awarding her $173,851.00 in past-due

benefits.  (ECF No. 20-2, PageID.1936).  On May 30, 2024, attorney Versical filed the

instant motion indicating that, pursuant to the terms of both 42 U.S.C. § 406(b) and the

applicable fee agreement, she is entitled to attorney fees in the amount of $17,902.00 for

the legal work she performed in this federal civil action seeking judicial review of the

Commissioner's prior unfavorable decision.  (ECF No. 20, PageID.1901).  Notably, Ms.

Versical represents that she only handled the instant federal civil action for Plaintiff on

behalf of Kwitoski & Associates, and that Kwitoski & Associates, who performed work

for the Plaintiff at the agency level, "will be requesting fees for work before the

Administration in the amount of $25,462 for approximately 133 hours of work performed

at the Agency . . ."  (*Id.*, PageID.1902).  Ms. Versical contends that "[t]ogether with fees

requested by Plaintiff's attorney at the [agency level, Kwitoski & Associates]," *i.e.*,

$43,264[2], her fee request "does not exceed 25%" of Plaintiff's past-due benefits of

$43,462.75[3].  (ECF No. 20, PageID.1909-10).  Ms. Versical further acknowledged that, if

---

[2] The requested amount of attorney fees by Ms. Versical ($17,902) plus the amount to be requested by Kwitoski & Associates ($25,462) calculates to a total amount of $43,264.00.

[3] Although Ms. Versical indicates that 25% of the $173,851 in past-due benefits amounts to $43,365.68 (ECF No. 20, PageID.1900-01), the Court calculates that 25% of $173,851 amounts to

her motion for attorney fee is approved, she would be required to reimburse Plaintiff the $4,637.50 that she received under the EAJA. (*Id.*, PageID.1909).

### B.      Analysis

42 U.S.C. § 406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals. Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision. Attorney fees are subject to the condition that they be reasonable for the services rendered. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Ms. Versical is requesting that, out of the total amount of requested attorney fees of $43,365.68 between herself and Kwitoski & Associates, which represents less than 25% of the past-due benefits awarded to Plaintiff ($43,462.75), the Court approve her request for $17,902.00 in attorney fees for the portion of work she performed on behalf of Plaintiff at the federal level. Ms. Versical has submitted a contingent fee agreement, signed by both Plaintiff and attorney Diane M. Kwitoski of Kwitoski & Associates[4], in which Plaintiff specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past due benefits. (ECF No. 20-4).

---

$43,462.75, which is consistent with the amount withheld by the Social Security Administration in its Notice of Award (ECF No. 20-2, PageID.1937).

[4] The contingent fee agreement lists Ms. Versical along with Ms. Kwitoski on the letterhead. (ECF No. 20-4, PageID.1953).

Contingent fee arrangements are allowed under the Social Security Act.  In fact, an "agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates.  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)).  The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others."  *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez*, 865 F.2d at 746.  Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id.*

In this case, there is no suggestion that Ms. Versical behaved improperly or was ineffective.  On the contrary, Ms. Versical achieved a very successful result for Plaintiff through effective and efficient representation.  Nor does it appear that awarding the total fee requested herein would amount to a windfall.  Ms. Versical has submitted a full log of the activities she undertook before this Court on Plaintiff's behalf, which shows a total of 26.5 hours spent on her case at the federal level. (ECF No. 20-5).  Given that the amount

requested from this Court is $17,902.00, the effective hourly rate for Ms. Versical would be approximately $675.54.

Awards using similar or higher rates than this have been deemed reasonable by courts in the past.  *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, No. 09-11553, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Miles v. Comm'r of Soc. Sec.*, No. 1:16-CV-440, 2019 WL 5485220, at *3 (S.D. Ohio Oct. 25, 2019) ("judges in this Court have approved similar hourly rates in contemporaneous and comparable disability appeals as the $714.29 hourly rate requested by plaintiff here."); *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *2 (S.D. Ohio Feb. 25, 2015) (approving a contingency rate of $700.00); *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136, at *2 (S.D. Ohio May 17, 2012) (approving a contingency rate of $709.00). *See also Hayes*, 923 F.2d at 422 ("[A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant in the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."); *Sovey v. Comm'r of Soc. Sec.,* No. 16-11962, 2019 WL 670186, at *2 (E.D. Mich. Feb. 19, 2019) (stating that "[c]ourts in this circuit have variously adopted 'standard rates' ranging from $165 [to] $500 per hour").

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award.  *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983).  In this case, the Commissioner has not objected to the requested fee award, and

thus presumably does not believe the fee requested is unreasonable.

## II.    RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Ms. Versical's Motion for Attorney Fees **(ECF No. 20)** be **GRANTED**, and that (1) attorney fees be awarded to her in the amount of $17,902.00 for work performed before this Court in connection with Plaintiff's Social Security appeal; and (2) Ms. Versical be ordered to reimburse Plaintiff the $4,637.00 that she received under the EAJA.

Dated: September 27, 2024                          s/David R. Grand
Ann Arbor, Michigan                                DAVID R. GRAND
                                                   United States Magistrate Judge

### <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections

must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).  A party may

respond to another party's objections within 14 days after being served with a copy.  *See*

Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the

objections.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of
record and any unrepresented parties via the Court's ECF System to their respective email
or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on
September 27, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager